# Sipsey River Lumber Co., *et al., v.* Gilliland.

## *Damages for Diminishing Water Supply to Lower Riparian Owner.*

(Decided Nov. 26, 1908. 47 South. 710.)

*Torts; Liability for.*—One who has transferred his interest in a business to another prior to the time of the tort complained of cannot be held liable for damages caused by a tort committed by his transferee.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY A. JONES, Special Judge.

Action by Alfred M. Gilliland against the Sipsey River Lumber Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

J. J. MAYFIELD, for appellant. The general rule is that those partners only are liable in respect to a tort who are privy to the tort.—*Williams v. Kendrick*, 115 Ala. 277; Storey on Partnership, sec. 168; Collyer on Partnership, sec. 457; 3 Kent. Sec. 47.

DANIEL COLLIER, for appellee. The following authorities fix the liability upon Jasper Smith as a partner for the torts of his other partner.—*Gilliland v. L. & N. R. R. Co.*, 70 Ala. 268; *Williams v. Hendricks*, 115 Ala. 286.

SIMPSON, J.—This suit was originally by the appellee against the Sipsey River Lumber Company, a partnership, and Leroy Smith, on May 21, 1902; and on October 13, 1902, the complaint was amended by adding, as a defendant, the appellant Jasper Smith. The action is for damages resulting from placing trees that

[Sipsey River Lumber Co., et al. v. Gilliland.]

had been felled in a certain stream above the point where the plaintiff has a sawmill, gristmill, and cotton gin; and the claim is that said trees dammed up the waters of said creek, causing the water, when the creek was high, to be diverted and to run through another channel, thus diminishing the supply of water to the plaintiff's mill, and injuring his property. While the Sipsey River Lumber Company was simply a name given to a business of which Jasper Smith and J. N. Hunt were the original owners, yet the evidence is clear to the effect that some time before the trees were placed in the stream said Jasper Smith had bought the interest of Hunt and had given or sold the entire business to Leroy Smith, and there is not any evidence tending to show that said Jasper Smith had anything to do with that business at that time, or with placing the timber in the stream. On the contrary, plaintiff's own testimony shows that Leroy Smith was managing the business, and directed the placing of the timber in the stream.

Without discussing the question as to whether, even if Jasper Smith had been a partner at the time the timber was placed in the stream, he could have been made liable for a tort committed by the partner, it is axiomatic that he cannot be made liable for a tort committed by a member of a firm with which he was in no way connected at the time of the commission of the tort. No argument is made in behalf of the appellant Leroy Smith, but only on the separate assignment by the appellant Jasper Smith. The court erred in refusing to give the general charge in favor of the defendant Jasper Smith requested in writing.

For the error pointed out, the judgment of the court is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DENSON and McCLELLAN, JJ., concur.